# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW T. VANPIETERSOM,

    Plaintiff,

v.

GREGORY PETERSON,

    Defendant.

Case No. 18-CV-60-JPS

**ORDER**

## 1. INTRODUCTION

On February 16, 2018, the Court screened Plaintiff's complaint and allowed him to proceed on a claim under the Eighth Amendment for Defendant's deliberate indifference to his serious medical needs. (Docket #8). On July 27, 2018, Defendant moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #14). Plaintiff filed responsive materials on August 8, 2018. (Docket #20). Defendant replied on August 14, 2018. (Docket #21). For the reasons explained below, Defendant's motion must be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

   3.1 **Plaintiff's Failure to Dispute the Material Facts**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered February 23, 2018, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #11 at 2–3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendant's motion for summary judgment, he too warned Plaintiff about the requirements for a response as set forth in Federal and Local Rules 56. (Docket #14). Plaintiff was provided with additional copies of those Rules along with Defendant's motion. *Id.* at 3–12. In connection with his motion, Defendant filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #17). It contained short, numbered paragraphs concisely stating those facts which Defendant proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Plaintiff's response to the summary judgment motion consists of a ten-page affidavit and eight pages of exhibits. (Docket #20 and #20-1). These documents come nowhere close to following the simple form of pleading required by the relevant procedural rules. Further, as explained below, they do not present any disputes of material facts.

Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendant's proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendant's facts undisputed for purposes of deciding his motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Exhaustion of Prisoner Administrative Remedies

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841–42 (7th Cir. 2016);

*Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections ("DOC") maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). A complaint filed beyond that time may be accepted by the ICE, in their discretion, if the inmate shows good cause. *Id.* § 310.07(2). The inmate is required to expressly seek leave to file a late complaint and provide reasons for their tardiness. *Id.*

The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. Id. at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary

received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3 Relevant Facts

At all times relevant, Plaintiff was an inmate at Waupun Correctional Institution and Defendant was correctional officer employed there. Plaintiff alleges that on September 11, 2017, Defendant gave him a sixty-pill pack of Naproxen, despite knowing that Plaintiff was on a medical restriction which did not allow him to have so much medication. (Docket #8 at 3). Plaintiff took every pill in the pack, and as a result, required overnight hospitalization in an intensive care unit. *Id.*

Plaintiff filed one inmate complaint with respect to this incident. He submitted it on September 29, four days after the expiration of the ICRS's fourteen-day time limit. The ICE rejected the complaint as untimely. The ICE further noted that in the complaint, Plaintiff did not ask to be excused from the timeliness requirement, and even if he had, Plaintiff failed to demonstrate that his tardiness should be excused.

Plaintiff appealed that rejection on October 6. On the appeal request form, Plaintiff explained the circumstances of his lateness, namely that he had been in medical treatment until September 13, and then attempted to resolve his complaint informally from September 15 onward. (Docket #18-2 at 10). Plaintiff asserted that correctional staff did not timely respond to his concerns, forcing him to submit his inmate complaint after the deadline. *Id.*

The reviewing authority upheld the rejection on October 9. Waupun's ICE states that it was improper for Plaintiff to seek relief from the fourteen-day time limit for the first time in his appeal. Rather, Plaintiff

should have sought leave to file a late complaint, and explained the basis for that request, in his original complaint.

4. **ANALYSIS**

Though Plaintiff filed an inmate complaint about the incident underlying this action, he did so too late. This error might have been excused if he had asked the ICE to accept a tardy complaint, but he did not do so. Instead, he offered excuses for his lateness only in his appeal to the reviewing authority. All of those excuses were known to him at the time he filed the complaint. This is contrary to the ICRS process and was appropriately rejected as a basis to overturn the ICE's decision. While one might believe that Plaintiff has substantially complied with the ICRS process, this is not sufficient to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025. Because Plaintiff did not timely file an inmate complaint, and did not properly seek leave to file a late complaint, he did not properly exhaust his administrative remedies. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (rejected complaints do not serve to exhaust administrative remedies).

Plaintiff's submissions do not change this result. Plaintiff's affidavit, which functions more like a legal brief, is largely comprised of irrelevant musings related to the merits of the case. (Docket #20 at 1–3, 7–10). The Court nevertheless discerns one meaningful argument directed at the exhaustion issue. Plaintiff suggests that he was trying to exhaust his administrative remedies informally before beginning the ICRS process. *Id.* at 4–5. This is the same excuse he gave to the reviewing authority. The excuse was not rejected on its merits, but on procedural grounds, namely that it was not initially presented to the ICE as required by the ICRS. This Court cannot second-guess the reviewing authority as to the application of

the ICRS's procedural rules. *See Lindell v. O'Donnell*, No. 05-C-04-C, 2005 WL 2740999, at *17 (W.D. Wis. Oct. 21, 2005) ("This court cannot re-examine [procedural] defaults and second-guess the application of state procedures by state agencies and courts. For that reason, when the record of an inmate's use of the prison complaint system arrives in federal court, it is what it is."); *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) (dismissal of prisoner grievance for procedural reasons gives rise to procedural default, which "blocks later attempts to litigate the merits").[1]

5. **CONCLUSION**

Viewing the undisputed facts in the light most favorable to Plaintiff, the Court is obliged to conclude that this lawsuit must be dismissed because he failed to properly exhaust his administrative remedies. This action will, therefore, be dismissed without prejudice.[2]

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #14) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

---

[1]Plaintiff also contends that he need only comply with the ICRS process if it had been certified by the U.S. Attorney General as being in substantial compliance with the Civil Rights of Institutionalized Persons Act ("CRIPA"). (Docket #20 at 6). Plaintiff is incorrect. The CRIPA's exhaustion requirement was supplanted by that of the PLRA. *Ross v. Blake*, 136 S.Ct. 1850, 1857–58 (2016). Unlike the CRIPA, the PLRA does not require that a state's inmate grievance procedures meet a federally established minimum standard. *Id.*

[2]Although it seems unlikely that Plaintiff will be able to complete the ICRS process for his claim at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge